## Case No. 8,997.

### MALONEY v. BUTTERLY et al.

[N. Y. Times, April 16, 1864.]

District Court, S. D. New York. 1864.

AFFREIGHTMENT — BILL OF LADING — RECEIPT BY CONSIGNEE—REPRESENTATIONS.

[A bill of lading stating, according to representations by the shipper, the weight of cargo shipped without weighing, binds the consignee, after receipt without weighing, to pay freight for the stated weight.]

This was a libel for freight [by James Maloney against Peter Butterly and others].

The libelant, who was owner of the barge John Maloney, took on board her at Philadelphia a cargo of coal, to be carried to New York. The coal was put on board by the vendor, consigned to the respondents. It was not laden on board by weight, but was received by the libelant on the representation of the shipper, and the libelant signed a bill of lading on those representations, acknowledging the receipt of 209 tons of coal on board, and agreeing to deliver it to the respondents at New York. The vessel arrived in New York, and the assignees of the bill of lading received the coal. They did not exact a measurement or weight of it as delivered from the boat, but carried it across the city to their own yard, where it was weighed, without the supervision of the car-

rier; and they then declared that it was six tons short, and declined to pay freight on that amount.

Mr. Donovan and Judge Whiting, for libelant.

Mr. Brown, for respondents.

Before BETTS, District Judge.

HELD BY THE COURT: That a rule of greater stringency may prevail as to a purchase and sale of property than is exacted in relation to a mere bailment of it for carriage. That the vendor of the coal acted as agent or factor of the purchaser, and is reasonably bound to satisfy the carriage price to the carrier, if the consignee does not accept the consignment, and pay the agreed price at the place of destination. That the respondents are concluded from taking the defence of short weight. They are to be regarded as the factors of the consignor as well as consignees, and in that capacity to have virtually admitted and liquidated the quantity of the cargo, in relation to the freight payable to the carrier. A difference of quantity on the adjustment of the transaction between consignor and consignee must be adjusted between them. They are both to be regarded as having assented through their acts and acquiescences to the rightfulness of the libelant's demand as an agreed compensation for the services rendered.

Decree for the libelant for his claim, with interest.